■ In the Matter of JEMROCK REALTY Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [710 NYS2d 887] —Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered on or about November 17, 1999, which, in a proceeding pursuant to CPLR article 78, inter alia, denied that branch of petitioner's application to annul respondent New York State Division of Housing and Community Renewal's (DHCR) award of treble damages based on the finding that the owner's rent overcharge was willful, unanimously affirmed, without costs.

DHCR reasonably concluded that petitioner landlord's overcharge was willful. It should have been clear that petitioner

landlord's purported increase of the legal regulated rent for respondent tenant's apartment from $679.45 to more than $2,000, i.e., beyond the deregulation threshold (*see*, Administrative Code of City of NY § 26-504.2), was not authorized. Even if the landlord had been entitled to a full one-fortieth of the cost of certain improvements to the subject apartment, the allowable rent would still not have reached the $2,000 deregulation threshold, since, pursuant to the Rent Stabilization Law and Code provisions in force at the time respondent tenant entered into her lease, petitioner was not entitled to any rent guideline increase in the legal regulated rent while the rent reduction order affecting the subject premises remained in effect, and such order, issued by reason of reductions in building-wide services, was in effect at the time respondent tenant executed her lease. Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ.